JAMES L. DAY, WSBA #20474
CHRISTINE M. TOBIN-PRESSER, WSBA #27628
THOMAS A. BUFORD, WSBA #52969
RICHARD B. KEETON, WSBA #51537
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101-2373
Tel: (206) 292-2110
Emails: jday@bskd.com ctobin@bskd.com
tbuford@bskd.com rkeeton@bskd.com

HONORABLE FREDERICK P. CORBIT

**HEARING DATE:** October 24, 2023
**HEARING TIME:** 11:30 a.m. Pacific Time
**LOCATION:** Via ZoomGov

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re

NB COMMONS, LLC,

               Debtor.

No. 23-01053-FPC11

DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S MOTION TO APPROVE POST-PETITION FINANCING

    NB Commons, LLC (the "Debtor") submits this Reply in support of its Motion to Approve Post-Petition Financing (the "Motion" found at Docket No. 92). Capitalized terms herein have the meaning set forth in the Motion unless otherwise indicated. This reply is supported by the accompanying Declaration of Armand R. Pastine (the "Pastine Declaration").

## I. INTRODUCTION

    Predictably, Greyhawk filed the solitary response to the Motion. It is simply a continuation of its ongoing efforts to obstruct the Debtor's reorganization – even as to matters from which it would objectively benefit – to achieve its foreclosure windfall, at the expense of all other creditors.

DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S MOTION
TO APPROVE POST-PETITION FINANCING – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gj23jb01k3

23-01053-FPC11    Doc 166    Filed 10/23/23    Entered 10/23/23 16:16:56    Pg 1 of 6

Greyhawk's efforts started in February 2023 with its refusal to turn over any rents so that even basic repair and maintenance functions could be performed, and then by its sweep of the $600,000-plus in funds that had been escrowed for payment of property taxes. The Property's deferred maintenance and unpaid taxes are now a cornerstone of Greyhawk's complaints.

Before this Court, Greyhawk sought to block the Debtor from engaging its chosen bankruptcy counsel, and from employing an investment banker whose sole mission is to seek takeout financing to pay Greyhawk what it is owed, but without the multi-million dollar windfall. Now, Greyhawk objects to the Debtor borrowing funds that will always be subordinate to it and would not be repaid until and unless Greyhawk is paid in full, and which funds would in part be used to continue the Debtor's ongoing efforts to improve the condition of Greyhawk's collateral.

Greyhawk's transparent and meritless objection should be overruled.

## II. REPLY

### A. Limited DIP Loan

As is clear from the Motion, the DIP Loan is for an amount up to $16,000,000, not a lump sum of $16,000,000. However, given the pace at which this case is moving to confirmation, the Debtor's immediate needs are limited to $1,000,000 and the Debtor will limit its request to this immediate requirement on the same terms as outlined in the Motion (the "Limited DIP Loan"). The Limited DIP Loan proceeds will be used for the Debtor's short-term operational needs, including Chapter 11 expenses.

In the future, the Debtor may, depending upon the development of the facts and circumstances of the case, ask the Court to approve an additional portion of the

DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S MOTION
TO APPROVE POST-PETITION FINANCING – Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gj23jb01k3

23-01053-FPC11    Doc 166    Filed 10/23/23    Entered 10/23/23 16:16:56    Pg 2 of 6

$16,000,000 facility, and specifically reserves the right to do so on motion and appropriate notice. However, at this time the Debtor does not anticipate the need for additional funding prior to plan confirmation.

**B.     Specific Objections**

**1.     Proposed Order.** Greyhawk asserts that because the Debtor failed to attach a proposed order to its Motion, it should be denied the financing it needs. This seeks a disproportionate consequence to a procedural misstep. The Motion itself details the terms of the DIP Loan and the ten-page Debtor-in-Possession Credit Agreement that would govern the transaction was attached to the Nelson Declaration.

A proposed order is attached to this Reply. All parties have had ample notice of the terms of the DIP Loan.[1]

**2.     Inability to Obtain Unsecured Financing.** Greyhawk asserts that the Debtor has failed to carry its burden under section 364 that the Debtor is not able to obtain unsecured credit from other sources. To further this specious assertion, Greyhawk seeks to preclude the evidence provided by the Debtor in the Nelson Declaration, but provides no contrary evidence.

Greyhawk's sole support for its contentions is an unpublished opinion in a case not remotely akin to this one. *See In re TBH19 LLC*, 2021 WL 275490, at *8 (C.D. Cal. Jan. 27, 2021). In its reliance on this case, Greyhawk fails to advise the Court that the district court there was addressing an appeal from a case where the debtor sought

---

[1] If the need for a proposed form of order was a genuine concern, on the basis that Greyhawk was actually considering the merits of the Motion, Greyhawk would have requested a draft order at some point during the three weeks that elapsed between the filing of the Motion and Greyhawk's objection. It never did.

DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S MOTION
TO APPROVE POST-PETITION FINANCING – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gj23jb01k3

23-01053-FPC11    Doc 166    Filed 10/23/23    Entered 10/23/23 16:16:56    Pg 3 of 6

retroactive approval for a secured loan taken without court authority after the Debtor had, twice, moved unsuccessfully for the court's approval of a post-petition loan. It would be difficult to imagine more dissimilar circumstances to the Motion. This unpublished opinion has no relevance here.

To provide further evidence to reinforce what reasonable parties already know, the Debtor submits the Pastine Declaration. Mr. Pastine is Senior Managing Director and Head of Capital Markets and Business Advisory at Celadon Financial Group, LLC, which the Debtor has engaged as its investment banking firm. (Mr. Pastine's sole mission in this case is to secure financing to repay Greyhawk in full. Greyhawk nevertheless objected to his engagement.) Mr. Pastine, a highly experienced real estate financier, confirms that the Debtor would have been unable to obtain credit on an unsecured basis.

Even without the Nelson Declaration or Pastine Declaration, the Court can acknowledge the obvious proposition that it is fanciful and commercially unreasonable to expect a proposed junior lender, in a Chapter 11 in which the senior lender is seemingly bent on causing the borrower's failure, to proceed on an unsecured basis.

### C. **Benefit to the Estate.**

The Court might reasonably wonder why Greyhawk would object to subordinate funds being advanced that will in part go towards improving the condition of its collateral. The answer, of course, is that improving and enhancing the value of the Property undercuts a basis for Greyhawk's motion for relief from stay. A secured creditor is adequately protected for purposes of section 362(d)(1) if the value of its collateral is not declining. *United States Savings Association of Texas v. Timbers of*

DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S MOTION
TO APPROVE POST-PETITION FINANCING – Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gj23jb01k3

23-01053-FPC11    Doc 166    Filed 10/23/23    Entered 10/23/23 16:16:56    Pg 4 of 6

*Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). The Property, which is being and will continue to be improved through the Debtor's efforts, is not declining in value.

Greyhawk therefore asserts, in a variety of arguments, that the DIP Loan will not benefit the estate. Many of Greyhawk's argument are no longer relevant to the Limited DIP Loan. It is nevertheless critical to continued funding of corrective activity on deferred maintenance, largely necessary because of Greyhawk's previous withholding of rents, as well as to pay the administrative expense associated with responding to the numerous objections that Greyhawk continues to file with this Court. The costs that Greyhawk's serial objections are imposing on this case and the Debtor's need to preserve the Property are undisputable. The Limited DIP Loan is necessary for the Debtor to address both issues.

### D. Terms of DIP Loan Less Costly Than Recent Eastern District Case.

By way of comparison only, the relative reasonableness of the terms of the DIP Loan is demonstrated when viewed against terms of secured debtor in possession financing that were recently approved in another case in this district. *See In re iCap Enterprises, Inc.,* Case No. 23-01243-WLH11 (E.D. Wash.), *iCap* ECF No. 68, 68.1, 68.2. The *iCap* loan, which is solely for funding administrative and professional fees, is secured by junior encumbrances on twelve (12) separate real properties. *Id.* at 68.1, Exh. A-1. Although the nominal interest rate of the loan is 18%, the addition of an "Exit Fee" of 5.0%, a "Facility Fee" of 5.0%, a "Repayment Premium" of 1.3%, and the obligation to pay all the lender's expenses, *see id.* at 12-13, drive the actual cost of the financing to approximately 30.0%.

DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S MOTION TO APPROVE POST-PETITION FINANCING – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

gj23jb01k3

23-01053-FPC11    Doc 166    Filed 10/23/23    Entered 10/23/23 16:16:56    Pg 5 of 6

### III. CONCLUSION

Based upon the foregoing, the Debtor respectfully requests that the Court approve the Limited DIP Loan.

DATED this 23rd day of October, 2023.

          BUSH KORNFELD LLP

          By   /s/  *Thomas A Buford*
             Thomas A. Buford, WSBA #52969
             James L. Day, WSBA #20474
             Christine M. Tobin-Presser, WSBA #27628
          Attorneys for NB Commons, LLC

TO APPROVE POST-PETITION FINANCING – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

23-01053-FPC11   Doc 166   Filed 10/23/23   Entered 10/23/23 16:16:56   Pg 6 of 6